UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON | : | |
| | : | PRISONER |
| v. | : | Case No. 3:03cv1643 (SRU)(WIG) |
| | : | |
| EMILY SAVOIE, et al.[1] | : | |

RULING ON THE MOTION FOR SUMMARY JUDGMENT
FILED BY DEFENDANTS SAVOIE, PRICE AND CHOUHAN

James Hanton brought this civil rights action pro se pursuant to 28 U.S.C. § 1915. Hanton challenges the medical care he received at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, from July through early October 2003. He also asserts a claim regarding his inability to mark ready a motion he filed in state court. Defendants Savoie, Price and Chouhan have filed a motion for summary judgment on the medical claims. For the reasons that follow, the motion is granted.

I.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); SCS Communications, Inc. v. Herrick Co., Inc., 360 F.3d 329, 338 (2d Cir. 2004). The moving party may satisfy this burden "by showing–that is pointing out to the district court–that

---

[1] The named defendants are Emily Savoie, Margaret Price, Ganpat Chouhan, William Sadek, Nancy L. Kierstead, Joseph D. D'Alesio and New Haven Superior Court. Defendants Savoie and Price are named in their individual and official capacities, defendants Chouhan, Sadek, Kierstead and D'Alesio are named in their individual capacities only.

there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted); accord Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

A court may grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present significant probative evidence to create a genuine issue of material fact. "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal quotations and citations omitted).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523.

Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). If, "'as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004) (quoting Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996)).

A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). A self-serving affidavit that reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.   Facts[2]

The following facts are relevant to the claims against defendants Savoie, Price and Chouhan.

Hanton was confined at the Corrigan-Radgowski Correctional Institution from June 17, 2003, until March 3, 2004. Defendants Savoie, Price, both nurses, and Chouhan, a physician, were employed by the University of Connecticut Health Center Correctional Managed Health Care to provide medical care to inmates at Corrigan-Radgowski Correctional Institution during this period.

Upon arriving at Corrigan-Radgoski Correctional Institution in June 2003, Hanton met with medical staff to discuss his abdominal pain and constipation as well as his prescriptions for lactulose and zantac. When medical staff informed Hanton that, pursuant to Department of Correction Administrative Directive 3.12(5), he would be charged $3.00 for the medical visit, he

---

[2] The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. #39-2]. Defendants filed their motion for summary judgment on September 1, 2004. On September 3, 2004, the court notified Hanton of his obligation to respond to the motion and of the contents of a proper response. On September 9, 2004, Hanton filed a motion asking the court to stay consideration of the motion for summary judgment until it ruled on his motion for preliminary injunctive relief and indicating that he required further discovery to formulate a response. Hanton's motion for preliminary injunctive relief was denied on November 4, 2004. On January 24, 2005, the court denied Hanton's motion because the request for stay was moot and Hanton had been afforded four months to conduct discovery while the motions were pending. The court ordered Hanton to file his reponse on or before February 28, 2005. On March 10, 2005, the court granted Hanton an additional sixty days, until May 15, 2005, to submit his opposition. Despite these extensions of time, Hanton has not responded to the motion for summary judgment and has not sought additional time within which to respond.
   Because Hanton has not submitted a Local Rule 56(a)2 Statement, defendants Savoie, Price and Chouhan's facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

became indignant, requested his medical pass and returned to the housing unit.

On August 14, 2003, Hanton again left the medical unit after refusing to pay the sick call charge and later ignored efforts to deliver his medications. On August 19 and 27, 2003, Hanton complained of abdominal pain but refused to attend sick call so his complaints could be evaluated by medical staff. During this time, Hanton submitted frequent complaints to the medical department for prescription refills or changes. Hanton did not wait for medical staff to respond to one request before submitting another. Staff explained to Hanton that his prescriptions could not be changed or refilled unless he first was evaluated by a doctor.

On August 28, 2003, Hanton agreed to see defendant Chouhan. Hanton told defendant Chouhan that he had been experiencing constipation and abdominal pain for five years. Hanton's medical records indicated that he had complained of constipation and abdominal pain at various times since 1999. Hanton had been prescribed various medications and given diagnostic tests to determine the cause of these conditions. Defendant Chouhan continued Hanton's prescription for lactulose to relieve his constipation and ordered diagnostic tests.

On September 11, 2003, Hanton met with defendant Chouhan to discuss the test results. All tests were negative and Hanton was experiencing no acute medical condition. Defendant Chouhan explained various ways to control Hanton's discomfort, such as diet, and prescribed magnesium citrate for relief of constipation.

Hanton continued to complaint to medical staff about abdominal pain and reported lapses in refills of his medication. Hanton was scheduled to see a doctor on September 17, 2003, but refused to attend sick call.

Defendant Chouhan saw Hanton on October 6, 2003.  He again explained to Hanton that the medical staff was acting properly when they refused to renew his prescriptions automatically.  Defendant Chouhan told Hanton that, because he had been experiencing these symptoms for five years, his condition should be reassessed by a physician before renewing prescriptions.  Hanton's medical records reveal that he received his prescription lactulose and zantac with the exception of short delays.  The delays appear to have been caused by Hanton failing to see a physician or otherwise failing to follow the proper procedures.

Hanton also alleges that he was denied the magnesium citrate.  The medical records show, however, that Hanton received magnesium citrate on September 15, 2003 and, again, on September 18, 2003.

III.	Discussion

Hanton claims that defendants Savoie, Price and Chouhan were deliberately indifferent to his serious medical needs.  Defendants Savoie, Price and Chouhan raise six arguments in support of their motion for summary judgment: (1) any claims for damages against them in their official capacities are barred by the Eleventh Amendment,  (2) the state of Connecticut is not a person subject to suit under 42 U.S.C. § 1983, (3) Hanton's request for injunctive relief relating to his medical care is moot, (4) the amended complaint fails to state a claim for denial of medical care, (5) defendants Savoie, Price and Chouhan are protected by qualified immunity and (6) the court should decline to exercise supplemental jurisdiction over any state law claims against defendants Savoie, Price and Chouhan.

### A. Claim for Injunctive Relief Is Moot

Hanton seeks unspecified injunctive relief against defendant Savoie and Price. The Second Circuit has held that an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). Other courts concur with this result. See, e.g., McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement); Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) (holding that inmate's suit for declaratory judgment as to whether correctional officers violated his constitutional rights by opening his privileged mail outside his presence was rendered moot by inmate's release from prison); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that inmate's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit).

Defendants Savoie, Price and Chouhan provide medical care to inmates at Corrigan-Radgowski Correctional Institution. They have provided a copy of departmental records of Hanton's transfers among correctional facilities which show that, on March 3, 2004, Hanton was transferred from Corrigan-Radgowski Correctional Institution to Willard-Cybulski Correctional Institution. Thus, any request for injunctive relief concerning the provision of medical care at

7

Corrigan-Radgowski Correctional Institution is now moot.  The motion for summary judgment is granted with respect to all claims for injunctive relief against defendants Savoie and Price.

      B.      <u>Eleventh Amendment Bars Official Capacity Damages Claim</u>

Defendants Savoie, Price and Chouhan contend that the Eleventh Amendment bars a damage award against them in their official capacities.  The Eleventh Amendment protects both the state and state officials sued in their official capacities from suits for damages.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985).  Here, however, Hanton has named defendant Chouhan in his individual capacity only and clearly indicates in the caption and the first sentence on page 2 of the amended complaint that he seeks damages from defendants Savoie and Price in their individual capacities only.  Because Hanton does not seek damages from defendants Savoie, Price and Chouhan in their official capacities, the motion for summary judgment is denied as moot to the extent it is based on the Eleventh Amendment.

      C.      <u>Deliberate Indifference to Serious Medical Need.</u>

Defendants Savoie, Price and Chouhan next contend that the amended complaint fails to state a claim for deliberate indifference to a serious medical need.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  To prevail on such a claim, however, Hanton must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to his serious medical need.  <u>Id.</u> at 106.  He must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  <u>See id.</u> at 104-05.

8

Mere negligence will not support a section 1983 claim; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law." Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation." Id. Inmates do not have a constitutional right to the treatment of their choice. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986). Thus, mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. See Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

Defendants Savoie, Price and Chouhan have provided copies of Hanton's medical records, which document Hanton's repeated refusal to attend sick call and receive his medications. In addition, they have provided copies of the many repetitive grievances Hanton filed complaining that his medications were not being renewed and the responses informing him that the medications would not be renewed until he was examined by a physician. Defendant Chouhan states in his affidavit that Hanton received appropriate treatment for his complaints of constipation and abdominal pain. Hanton has provided no contrary medical evidence. Thus, the court concludes that the claim is merely a disagreement about the treatment provided. Such claims are not cognizable under section 1983. Defendant Savoie, Price and Chouhan's motion for summary judgment is granted as to the claims that these defendants were deliberately indifferent to Hanton's medical needs.

D.    State Law Claims

Supplemental or pendent jurisdiction is a matter of discretion, not of right. See United

Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966).  Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts.  See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  To the extent that the complaint may be construed to assert state law claims against defendants Savoie, Price and Chouhan, the court grants the motion for summary judgment and declines to exercise supplemental jurisdiction over those claims.

IV.     Conclusion

The motion for summary judgment filed by defendants Savoie, Price and Chouhan [**doc. #39**] is **GRANTED**.  The case will proceed only on the claims against defendants Sadek, Kierstead, D'Alesio and New Haven Superior Court.

**SO ORDERED** this 29th day of September 2005, at Bridgeport, Connecticut.

                          /s/ Stefan R. Underhill
                          Stefan R. Underhill
                          United States District Judge