UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON | : | |
| | : | PRISONER |
| v. | : | Case No. 3:03cv1643 (SRU)(WIG) |
| | : | |
| EMILY SAVOIE, et al.[1] | : | |

RULING ON THE MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
FILED BY DEFENDANTS D'ALESIO, KEIRSTEAD AND SADEK

    James Hanton brought this civil rights action to challenge the medical care he received at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, from July through early October 2003. He also asserted a claim regarding his inability to mark as "ready" motions he filed in state court. On September 30, 2005, I granted the motion for summary judgment filed by defendants Savoie, Price and Chouhan on all claims regarding medical care. Defendants D'Alesio, Kierstead, Sadek and New Haven Superior Court ("the defendants") now have filed a motion to dismiss or for summary judgment directed at the remaining claims. Because the defendants have submitted many exhibits with their motion, I will treat the motion as a motion for summary judgment. For the reasons that follow, the motion is granted.

I.    Standard of Review

    The burden is on the party moving for summary judgment to establish that there are no genuine issues of material fact in dispute and that it is entitled to a judgment as a matter of law.

---

[1] The named defendants are Emily Savoie, Margaret Price, Ganpat Chouhan, William Sadek, Nancy L. Kierstead, Joseph D. D'Alesio and New Haven Superior Court. Defendants Savoie and Price are named in their individual and official capacities, defendants Chouhan, Sadek, Kierstead and D'Alesio are named in their individual capacities only.

See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); SCS Communications, Inc. v. Herrick Co., Inc., 360 F.3d 329, 338 (2d Cir. 2004).  The moving party may satisfy that burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted); accord Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving pary is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or

2

conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (internal quotations and citations omitted).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). If "there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004) (quoting Gummo v. Depew, 75 F.3d 98, 107 (2d Cir. 1996)).

A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). See also Ying Jing Gan v. New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). A self-serving affidavit that reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

3

II.     Facts[2]

The following facts are relevant to the claims against defendants D'Alesio, Kierstead, Sadek and New Haven Superior Court.

Defendant Sadek is the Chief Clerk for the Judicial District of New Haven. Defendant Kierstead is the Director of Superior Court Operations for the Connecticut Judicial Branch and defendant D'Alesio is the Executive Director of Superior Court Operations and the Executive Secretary of the Connecticut Judicial Branch.

The remaining claims concern difficulties Hanton allegedly encountered while prosecuting a case in the Judicial District of New Haven. The case, Hanton v. Bridgeport Hospital, CV00-0434809 S, concerned the release of Hanton's medical records without his consent. Hanton alleges that the defendants ignored his complaints that he was unable to mark as "ready" motions for reconsideration and to open judgment and that, after a motion was marked ready, the motion was placed on the Short Calendar instead of being assigned to a judge. He alleges further that his case was dismissed on March 13, 2003, because he could not mark motions ready.

Hanton stated that he could not mark motions ready because, as a prisoner, he lacked

---

[2] The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. #64-2]. Defendants filed their motion for summary judgment on January 24, 2006. Along with the motion, they filed a notice informing Hanton of his obligation to respond to the motion and of the contents of a proper response [doc. #65]. Hanton has neither responded to the motion nor sought additional time within which to do so.

Because Hanton has not submitted a Local Rule 56(a)2 Statement, the defendants' facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

access to a fax machine or the court website and, although he had access to a telephone to make collect calls, the court would not accept the calls. The counselor supervisor at the correctional facility will, however, permit an inmate to make a toll-free call to the court if the inmate presents the appropriate documentation demonstrating the need for the call. In addition, attorneys at Inmates' Legal Assistance Program will call the court for inmates to mark motions ready. One of those attorneys did mark ready Hanton's motions for reconsideration and to open judgment.

Although Hanton's motion for reconsideration was printed on the short calendar, the New Haven Clerk's Office, in compliance with Rule 11-12(c) of the Connecticut Rules of Court, brought the motion directly to the attention of the judge who had issued the decision that was the subject of the motion. Court records also indicate that, on November 25, 2003, another judge sustained an objection to Hanton's motion to open judgment. When the original judge granted Hanton's motion for reconsideration on December 3, 2003, the prior order of dismissal was vacated. In March 2004, the court sustained an objection to Hanton's motion for summary judgment. Hanton withdrew the action in June 2004.

III.    Discussion

The defendants have moved for summary judgment on the grounds that Hanton fails to state a claim for denial of access to the courts and that defendants are protected by absolute judicial immunity.

In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. The Court held that to show that the defendants violated his

right of access to the courts, an inmate must allege facts demonstrating an actual injury stemming from the defendants' unconstitutional conduct. See id. at 349. As an illustration, the Court noted that if an inmate were able to show that, as a result of the defendant's action, he was unable to file an initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim, he could state a claim for denial of access to the courts. See id. at 351. The Court, however, specifically disclaimed any requirement that prison officials ensure that inmates have sufficient resources to do anything more than "attack their sentences, directly or collaterally" and "challenge the conditions of their confinement." See id. at 355.

The required actual injury cannot derive from "just any type of frustrated legal claim." Id. at 354. Inmates must be afforded access to court to file a direct appeal, a petition for writ of habeas corpus or a civil rights action challenging the denial of a basic constitutional right. The inability to file or prosecute actions other than direct or collateral attacks on their sentences or a challenge to their conditions of confinement "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

Hanton's claims in the state case did not challenge his conviction or the conditions of his confinement. Thus, it was not the type of claim for which access to the courts is guaranteed. See Bourdon v. Loughren, 386 F.3d 88, 96 (2d Cir. 2004) ("The right of access to the courts requires that all prisoners defending against criminal charges or convictions (either directly or collaterally) or challenging the conditions of their confinement . . . not be impeded from presenting those defenses and claims for formal adjudication by a court."); Page v. Lantz, 2005 WL 2548254, at

6

*6 (D. Conn. Sept. 26, 2005) (holding that allegations that state cases are languishing and that plaintiff had abandoned participation in one state case did not demonstrate an actual injury as required to state a claim for denial of access to the courts).  The court concludes that Hanton fails to state a claim for denial of access to the courts.

IV.   Conclusion

The motion for summary judgment filed by defendants D'Alesio, Kierstead, Sadek and New Haven Superior Court [**doc. #64**] is **GRANTED**.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 6th day of July 2006, at Bridgeport, Connecticut.

                                                /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge